**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS ROBERT FERRETTI,<br>Plaintiff,<br>v.<br>GLEN ROCK POLICE OFFICER TARA, *et al.*,<br>Defendants. | Civil Action No. 24-10510 (GC) (JBD)<br>**OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court on Plaintiff Thomas Robert Ferretti's Complaint (ECF No. 2), filed on November 6, 2024. On January 23, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 7.) The Court now screens the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court dismisses the Complaint.

## I. BACKGROUND

Plaintiff, currently confined at Lehigh County Jail in Allentown, Pennsylvania, filed the instant Complaint against Defendants Glen Rock Police Officer Tara, the Borough of Glen Rock, and Bergen County. (ECF No. 2 at 2.) Plaintiff alleges his brother ("M.F.") has a personal relationship with Officer Tara and other Glen Rock Police Officers whom he went to high school with, and a professional relationship with police officers in his role as a volunteer Emergency Medical Technician for Glen Rock Volunteer Ambulance. (*Id.* at 5-6.) M.F. abused alcohol and

drugs, has a violent temper, and has a history of strangling Plaintiff and escaping serious consequences based on his relationship with police officers. (*Id.* at 6-7.)

Plaintiff and M.F. were at their parents' house on Thanksgiving in 2020, during the COVID-19 pandemic. (*Id.* at 5.) Plaintiff's mother was battling lung cancer and had developed an immune deficiency that made her very susceptible to a serious medical risk if infected by COVID-19. (*Id.* at 8.) To protect herself from infection, she was "living in a bubble." (*Id.*) However, she contacted the Glen Rock Police Department on Thanksgiving when M.F. physically assaulted Plaintiff. (*Id.* at 6-7.) Three Glen Rock Police Officers responded to the call, including Officer Tara. (*Id.* at 7.) Officer Tara entered Plaintiff's parents' home and repeatedly touched and rubbed Plaintiff, comforting him by stating "It's okay. I'm your friend," and guiding him outside to leave the house immediately. (*Id.*) Officer Tara also came into contact with a kitchen knife Plaintiff was using to carve turkey when she arrived. (*Id.* at 8.) She packed a meal for him and "forced him" to leave the house by driving his mother's car to his home in Pennsylvania, knowing that he was on probation and had a suspended driver's license. (*Id.*) Plaintiff alleges the responding officers failed to take any precautions to avoid spreading COVID-19 and Plaintiff and his mother soon became infected, which led to his mother's death a month later. (*Id.*)

Plaintiff, who was detained in Bergen County jail in February 2021, filed a written complaint with the Glen Rock Police Department Internal Affairs Division. (*Id.* at 4.) Two officers visited him in prison to conduct a face-to-face interview regarding his complaint. (*Id.*) After Plaintiff received a response to his complaint, he withdrew it on or about August 5, 2021, because he was being harassed by the police. (*Id.*)

Plaintiff alleges that Officer Tara violated his Fourth Amendment right to protection against unlawful search and seizure by entering his parents' home, touching him without taking precautions against spreading COVID-19 and forcing him outside. (*Id.* at 10.) Plaintiff also

alleges that Defendants violated his First Amendment right to seek redress from the Government because they failed to file criminal charges against his brother. (*Id.*)

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 (Apr. 26, 1996), district courts must review prisoner complaints when the prisoner proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). The PLRA requires courts to *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* The standard for dismissal under § 1915(e)(2)(B)(ii) is the same as that applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A complaint survives dismissal if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The Court accepts all well-pleaded facts as true, draws all reasonable inferences in the plaintiff's favor, and reads the complaint liberally. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Plaintiff proceeds *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. The Complaint is Barred by the Statute of Limitations

Plaintiff brings claims under 42 U.S.C. § 1983 for violations of the First and Fourth Amendments. (ECF No. 2.) Plaintiff's claims are barred by the statute of limitations. Section 1983 does not supply its own limitations period; courts borrow the forum state's personal injury limitations period. *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). In New Jersey, that period is two years. N.J. Stat. Ann. § 2A:14-2(a); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir.

2010). The limitations period for a § 1983 action begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] action is based." *Giles v. City of Philadelphia*, 542 F. App'x 121, 123 (3d Cir. 2013). Here, the alleged incident involving the Glen Rock police officers occurred on or around November 26, 2020. (ECF No. 2 at 5.) The Complaint was not filed until on or about November 6, 2024, well beyond the limitations period. Even if the accrual date was delayed while Plaintiff exhausted his administrative remedies by filing a written complaint with the Glen Rock Police Department Internal Affairs Division, he withdrew his Complaint in August 2021. (*Id.*) Thus, Plaintiff's claims are barred by the statute of limitations.

**B. First Amendment Claim**

Even if Plaintiff's Complaint was not barred by the statute of limitations, it would nonetheless fail to survive screening under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff alleges First Amendment violations in a conclusory manner without pleading facts sufficient to show that such claim has substantive plausibility. (*See* ECF No. 2 at 10 (alleging that the Glen Rock police officers violated Plaintiff's First Amendment rights by "not allowing [him] to petition the Government for a redress of grievances against [his] brother . . . by putting criminal charges against him.")). It is well settled that there is no free-standing right to a government investigation. *See Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (citation omitted); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). Accordingly, Plaintiff's claim for a First Amendment violation does not survive screening and is therefore dismissed.

### C. Fourth Amendment Claim

Plaintiff further alleges that the Glen Rock police officers, specifically Officer Tara, violated his Fourth Amendment rights by "coming into physical contact with [him]" and "unnecessary[ily] taking away [his] right to be secure in [his] persons, houses, papers, and effects, against unreasonable searches and seizures." (ECF No. 2 at 10.) Although the Court liberally construes Plaintiff's Complaint, Plaintiff is still required to allege facts sufficient to state a plausible Fourth Amendment violation. *Higgs*, 655 F.3d at 339. "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999) (citation omitted). In determining whether the force used violates the Fourth Amendment, the Court employs an objective standard and "scrutinizes the reasonableness of the challenged conduct." *Carswell v. Borough of Homestead*, 381 F.3d 235, 240 (3d Cir.2004). As alleged, the Court cannot reasonably infer that Officer Tara's contact with Plaintiff was unreasonable for Plaintiff's Fourth Amendment claim to proceed. *See Abraham*, 183 F.3d at 288; (ECF No. 2 at 10.)

Plaintiff also fails to state a claim under the Fourth Amendment because he lacked a reasonable expectation of privacy in his parent's residence as his mother voluntarily contacted the police and he had no ownership interest in the residence. (ECF No. 2 at 6-7.) "The Fourth Amendment is violated when the state conducts an unreasonable search or seizure that infringes upon a reasonable expectation of privacy." *Talley v. Mazzocca*, 796 F. App'x 61, 63 (3d Cir. 2019); *see also Scheetz v. Morning Call, Inc.*, 946 F.2d 202, 206–07 (3d Cir. 1991) ("When police are called, a private disturbance loses much of its private character."); *Eiland v. Jackson*, 34 F. App'x 40, 42-43 (3d Cir. 2002) (concluding that the plaintiff did not have standing to bring a § 1983 claim under the Fourth Amendment because he did not have an ownership interest in the house

searched). Because Plaintiff alleges a Fourth Amendment violation arising from an incident that occurred at his parent's residence and in response to a call for help by his mother to the police, Plaintiff fails to state a plausible Fourth Amendment claim. *See Scheetz*, 946 F.2d at 206-07; *Eiland*, 34 F. App'x at 42-43. Because Plaintiff fails to state a constitutional claim against Officer Tara, his claims of municipal liability against the Borough of Glen Rock and Bergen County also fail. *See DeNinno v. Mun. of Penn Hills*, 269 Fed. Appx. 153, 158 (3d Cir.2008) ("Even more fundamentally, there can be no municipal liability here because we have determined that none of the individual defendants violated the Constitution."). Accordingly, Plaintiff's Fourth Amendment claims are dismissed.

**D. State Law Claims**

The Court construes Plaintiff's allegations of getting infected with COVID-19 and the distress the infection caused relating to his mother's death as state law claims of negligence and negligent infliction of emotional distress. District courts may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." *Est. of Thomas v. Fayette Cnty.*, 194 F. Supp. 3d 358, 385 (W.D. Pa. 2016) (citing 28 U.S.C. § 1367); *see also Burnsworth v. PC Lab.*, 364 Fed. Appx. 772, 776 (3d Cir.2010) (affirming a district court's decision to decline supplemental jurisdiction over state law claims when the federal claims had been dismissed). Here, Plaintiff's First and Fourth Amendment claims do not survive screening and are therefore dismissed. As such, the Court dismisses Plaintiff's state law claims for lack of jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiff's Complaint (ECF No. 2). An appropriate Order accompanies this Opinion.

Dated: July 29, 2026

GEORGETTE CASTNER, U.S.D.J.